## FOOTE vs. THE CITY OF MILWAUKEE and others.

In an action to restrain a city from issuing a deed of a lot sold for default in the payment of an assessment for grading the street in front of it, and also to restrain the transfer of the tax certificate and of the street commissioners' certificate, the complaint alleged that the commissioners notified the plaintiff to do the grading within *eighteen* days after the first publication of the notice; that the work could not possibly have been done in the time limited; that the lot could not be graded as required, except at several times its necessary cost, unless the street adjacent were first graded; that during the time in which plaintiff's grading was required to be done, the street commissioners also required other work to be done in the same ward to an amount more than sufficient to fully employ all the teams and laborers in that ward and all the adjoining wards and towns for the whole period, while all the men and teams in such adjoining wards were completely occupied upon work required to be done therein; that said commissioners soon after contracted at an exorbitant rate with certain other parties (who are made defendants to the action) for said grading, to be completed in *sixty* days; that at the end of said time no part of said grading was done, and the commissioners then adopted a resolution extending the time for its completion for nearly a year; and that these several acts were corrupt and fraudulent, and the result of a conspiracy between said commissioners and said contractors, &c. *Held*, that these allegations, if proven, would avoid the certificate and assessment, and render the whole proceeding a nullity; and that evidence offered by the plaintiff tending to sustain such allegations should have been admitted.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to restrain the city of Milwaukee and the treasurer thereof from conveying a lot in the said city under a sale for the amount of an assessment made thereon in 1857, for the expense of grading the street in front of said lot; also to restrain any sale or transfer of the street commissioners' certificate of such work, or the certificate of such sale, and to have said assessments and certificates declared void. The complaint alleges, among other things, that when the street commissioners required said street to be graded in front of plaintiff's lot and the adjoining lots, they did not give the lot owners a reasonable time to do the work; that the notice to them was published between the 14th and 24th of June, 1856, and required said owners (or occupants) to do the work within twenty-one days from the 11th of that month; that the work specified in said notice included besides the plaintiff's lot "an immense amount of other work" in the same ward; that the street in front of plaintiff's lot was so situated that it could not be graded except at several times the necessary cost thereof, without first grading the part of said street adjacent to it; that plaintiff could not possibly have graded the street in front of her lot within the time specified in the notice, even if she had been present in the city and had commenced the work immediately upon the publication of the notice; that during the period in which said work was required to be done, said commissioners also required other work in said ward of a similar kind to be done to an extent more than sufficient to fully employ all the teams and all the laborers in that ward, and in all the wards and towns adjoining thereto, for more than the period so prescribed, while at the same time all the men and teams in said other wards were completely occupied about work required to be done therein; that the commissioners did not intend or expect the grading to be done by the owners of said lots within the time so fixed; that the act of the commissioners in failing to give the plaintiff and others a reasonable time within which

to do said work was fraudulent, and for the purpose of enabling certain persons to get contracts to do the work at exorbitant rates; that the contract for the work was let to said persons July 18th, 1856 ; that the work was so let at twenty-five cents per cubic yard, when the same was not worth more than twelve or fifteen cents per cubic yard, and that this was done by the fraudulent connivance of the commissioners with the contractor, with intent to injure and defraud the plaintiff; that the time prescribed in the contract for doing the work was sixty days from the date thereof, but both parties to the contract were perfectly aware that it was impossible for the work to be done in that time, and "entered into said contract and other similar contracts for such an enormous amount of work as aforesaid, by fraudulent conspiracy with each other and with other fraudulent contractors, for the purpose of crowding on the doing of such a great amount of work in such an unreasonably short time as to prevent any fair and reasonable competition for the work so required, and to enable said contractors to take the contracts at exorbitant prices, intending at the same time * * to extend the time for the completion of said work to another year;" that accordingly, when said period of sixty days had expired, no portion of said work had been done; that afterwards the commissioners, by resolution, extended the time for the completion of the work by said contractors to September 1, 1857, without authority of law and in fraud of plaintiff's rights; that no part of said grading was done in 1856, nor until the summer or fall of 1857; that a great part of the same remained undone until after said September 1, 1857, although there was no attempt to extend the contract beyond that period; that at the time the work was done the expense of such work was greatly less than when such contract was entered into, and if the job had been fairly let in the summer or fall of 1857, it might have been let at a much lower price than that previously agreed upon. The complaint further alleges that the commissioners did not, as

the statute required, allow the plaintiff twenty days after the publication of notice to do said work, in which to appeal,—such publication having been completed on the 24th of June as aforesaid, and the commissioners having advertised for proposals to do said work on the 3d of July following, and accepted the proposals under which the contract in this case was made on the 9th of the same month. Other allegations of the complaint need not be here stated. The answer denied the above allegations.

On the trial, the plaintiff called as a witness one of the persons who, as street commissioners in 1856 of the ward in which plaintiff's lot is situate, let the contract mentioned in the complaint. By this witness plaintiff offered to prove the allegations of the complaint above stated; but the court ruled out the evidence and every part thereof.—The court found that the allegations of the complaint not admitted in the answer were unproved, and rendered judgment dismissing the complaint; from which the plaintiff appealed.

*Waldo, Ody & Van*, for appellant.

*Jas. G. Jenkins*, for respondent:

Sec. 2, ch. 7 of the city charter provides for an appeal at any time to the common council from any act or order of the street commissioners. Sec. 11 provides for an appeal from the order requiring the work to be done. Sec. 14, ch. 117, Pr. Laws of 1858, gives a right of appeal from the common council to the circuit court. Under these provisions property owners may correct any unlawful or improper act of the street commissioners.—The street commissioners are "officers of special jurisdiction," within sec. 23, ch. 125, R. S.; City Charter, ch. 7, sec. 3; *Thatcher v. Dusenbury*, 9 How. Pr. R., 32; *Graves v. Otis*, 2 Hill, 466; *Mooers v. Smedley*, 6 Johns. Ch., 28; *Brooklyn v. Meserole*, 26 Wend., 132; *Van Doren v. New York*, 9 Paige, 388; *Livingston v. Hollenbeck*, 4 Barb., 10; *Van Rensselaer v. Kidd*, id., 17. And no appeal having been tak-

en, the decision of the street commissioners, upon all the questions raised by the appellant, was final and conclusive.  *Leroy v. Mayor, &c.,* 20 Johns., 430 ; *Starr v. Rochester,* 6 Wend., 564 ; *In re Albany Street,* 11 id., 149 ; *In re William and Anthony Streets,* 19 id., 678 ; *In re John and Cherry Streets,* id., 559 ; *Brooklyn v. Meserole,* 26 id., 132 ; *Fish v. Rochester,* 6 Paige, 268 ; *Wiggin v. Mayor,* 9 id., 16 ;  *Van Doren v. Mayor,* id., 388 ; *Mooers v. Smedley,* 6 Johns. Ch., 28 ; *Morewood v. New York,* 6 How. Pr. R., 386 ; *Thatcher v. Dusenbury,* 9 id., 32 ; *Livingston v. Hollenbeck,* 4 Barb., 10 ;  *Van Rensselaer v. Kidd,* id., 17 ; *Parks v. Boston,* 8 Pick., 218 ; *Stokes v. Knarr,* 11 Wis., 389.

*By the Court,* DIXON, C. J.   The complaint shows a most glaring and egregious case of fraud, which, if proved, would avoid the certificate and assessment and render the whole proceeding a nullity.   It is impossible that street commissioners, or other municipal officers, shall be guilty of such fraudulent and oppressive conduct, and yet their action be approved in a court of justice.   The complaint shows a conspiracy on the part of the commissioners and contractors to defraud the owners of lots of the rights and privileges given them by statute, and to rob them of their property.   To this end a great portion of the testimony offered by the plaintiff should have been received.   The amount of grading ordered and the facilities for doing the same, the nature and extent of the cut in front of the plaintiff's lot, the exorbitant price at which it was let, the impracticability of doing the work before the street on either side was graded, the time that was given the plaintiff to do it—that it was unreasonable and short beyond the possibility of performance—the manner of letting the contract, the understanding between the commissioners and contractors that the time fixed for performance should be extended, the fact that it was extended over a year—these and all like circum-

stances were properly admissible in evidence to prove the fraud.

The judgment must therefore be reversed, and the cause remanded for further proceedings according to law.